AO 243 (Rev. 09/17)

RECEIVED
SDNY PRO SE OFFICE

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY    2021 NOV -4 AM 10: 08

| **United States District Court** | District |  |
|---|---|---|
| Name *(under which you were convicted):*  MILTON CHARDON |  | Docket or Case No.:  18 cr. 319 (LTS) |
| Place of Confinement:   FCI BERLIN |  | Prisoner No.:  86113-054 |
| UNITED STATES OF AMERICA            V. | Movant *(include name under which convicted)*  MILTON CHARDON |  |

## MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

     UNITED STATES DISTRICT COURT

     SOUTHERN DISTRICT OF NEW YORK

  (b) Criminal docket or case number (if you know):   18 CR 319 (LTS)

RECEIVED
NOV 0 2 2021
CHAMBERS OF
LAURA TAYLOR SWAIN
CHIEF JUDGE, U.S.D.C.

2.  (a) Date of the judgment of conviction (if you know): _____

  (b) Date of sentencing:   DECEMBER 18, 2020

3.  Length of sentence: _____

4.  Nature of crime (all counts): COUNT ONE - Racketeering Conspiracy; COUNT TWO - MURDER IN AID OF Racketeering; COUNT THREE - MURDER WITH A FIREARM; COUNT FOUR - ATTEMPTED MURDER IN AID OF Racketeering; COUNT FIVE - FIREARMS OFFENSE; COUNT SIX - ATTEMPTED Assault with a Dangerous Weapon; COUNT SEVEN - FIREARM OFFENSE; COUNT Eight - NARCOTICS Conspiracy; COUNT NINE - Hobbs Act Robbery Conspiracy; COUNT TEN - Hobbs Act Robbery; COUNT Eleven - Firearms offense; COUNT Twelve - NARCOTICS Conspiracy; COUNT THIRTEEN - Pharmacy Burglary Conspiracy; COUNT FOURTEEN - Narcotics conspiracy

5.  (a) What was your plea? (Check one)

    (1) Not guilty ☐    (2) Guilty ✓    (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

GUILTY PLEA AS TO COUNT Eight - NARCOTICS Conspiracy and ALL OTHER COUNTS WAS DISMISSED

6.  If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ✓    No ☐

AO 243 (Rev. 09/17)

8.   Did you appeal from the judgment of conviction?          Yes ☐          No ☑

9.   If you did appeal, answer the following:

    (a)  Name of court: _____

    (b)  Docket or case number (if you know): _____

    (c)  Result: _____

    (d)  Date of result (if you know): _____

    (e)  Citation to the case (if you know): _____

    (f)  Grounds raised:

    (g)  Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☑

        If "Yes," answer the following:

        (1)  Docket or case number (if you know): _____

        (2)  Result: _____

        (3)  Date of result (if you know): _____

        (4)  Citation to the case (if you know): _____

        (5)  Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

    Yes ☐     No ☑

11.  If your answer to Question 10 was "Yes," give the following information:

    (a)  (1)  Name of court: _____

        (2)  Docket or case number (if you know): _____

        (3)  Date of filing (if you know): _____

AO 243 (Rev. 09/17)

    (4)   Nature of the proceeding: _____

    (5)   Grounds raised:

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

          Yes ☐    No ☑

    (7)   Result: _____

    (8)   Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)   Name of court: _____

    (2)   Docket of case number (if you know): _____

    (3)   Date of filing (if you know): _____

    (4)   Nature of the proceeding: _____

    (5)   Grounds raised:

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

          Yes ☐    No ☑

    (7)   Result: _____

    (8)   Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)   First petition:    Yes ☐    No ☑

    (2)   Second petition:    Yes ☐    No ☑

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Page 4 of 13

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** COUNSEL WAS INEFFECTIVE FOR FAILING TO Challenge THE DISTRICT COURT'S ERROR IN CALCULATING THE DRUG QUANTITY TO WHICH MR. CHARDON WAS Accountable

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE Memorandum AT LAW

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

PlEA WAIVER

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☑

AO 243 (Rev. 09/17)

   (4)   Did you appeal from the denial of your motion, petition, or application?

       Yes ☐     No ☑

   (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

       Yes ☐     No ☑

   (6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

   (7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

     PLEA   WAIVER

**GROUND TWO:** _____

_____

   (a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

   (b)  **Direct Appeal of Ground Two:**

     (1)   If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☑

AO 243 (Rev. 09/17)

    (2)   If you did not raise this issue in your direct appeal, explain why:

    _____ PleA WAIVER _____

(c)  **Post-Conviction Proceedings:**

    (1)   Did you raise this issue in any post-conviction motion, petition, or application?

           Yes ☐     No ☑

    (2)   If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    _____

    (3)   Did you receive a hearing on your motion, petition, or application?

           Yes ☐     No ☑

    (4)   Did you appeal from the denial of your motion, petition, or application?

           Yes ☐     No ☑

    (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

           Yes ☐     No ☑

    (6)   If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    _____

    (7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** _____

_____

    (a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

    (b) **Direct Appeal of Ground Three:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?

                Yes ☐    No ☑

        (2)  If you did not raise this issue in your direct appeal, explain why:

                *PLEA WAIVER*

    (c) **Post-Conviction Proceedings:**

        (1)  Did you raise this issue in any post-conviction motion, petition, or application?

                Yes ☐    No ☑

        (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

        (3)  Did you receive a hearing on your motion, petition, or application?

                Yes ☐    No ☑

        (4)  Did you appeal from the denial of your motion, petition, or application?

                Yes ☐    No ☑

        (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

                Yes ☐    No ☑

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:** _____

_____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

_PLEA WAIVER_

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

     Yes ☐     No ☑

(4)   Did you appeal from the denial of your motion, petition, or application?

     Yes ☐     No ☑

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

     Yes ☐     No ☑

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____ PlEA  WAIVER _____

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

INEFFECTIVE ASSISTANCE OF COUNSEL IS BEING raiSED FOR THE FIRST TIME. IN AddiTioN, DEFENDANT SIGNED A PlEA WAIVER THAT ONly allow DEFENDANT TO ADDRESS ANY SENTENCE ISSYE(S) thereof

_____

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:

(c) At the trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐     No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐     No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐     No ☑

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
      why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

      * The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
   paragraph 6, provides in part that:
      A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run
   from the latest of –
         (1)   the date on which the judgment of conviction became final;
         (2)   the date on which the impediment to making a motion created by governmental action in violation of
      the Constitution or laws of the United States is removed, if the movant was prevented from making such a
      motion by such governmental action;
         (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has
      been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
      review; or
         (4)   the date on which the facts supporting the claim or claims presented could have been discovered
      through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

RESENTENCED WITHOUT the STIPULATED DRUG AMOUNT

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on  OCTOBER  20, 2021
                                                                                                   (month, date, year)

Executed (signed) on  OCTOBER  20, 2021                    (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA,
                    Respondent

          - VS -                          CIVIL NO. _____

                                          CRIM NO. 1:18-cr-00319-LTS

MILTON CHARDON,
                    Petitioner


## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO TITLE 28 USC § 2255


TO THE HONORABLE JUDGE OF SAID COURT:


Comes now, Milton Chardon, (hereinafter "Mr. Chardon"), appearing pro se and in forma pauperis in the above captioned matter and hereby moves this Honorable Court pursuant to Title 28 USC § 2255 to vacate, set aside, or correct Mr. Chardon's conviction and/or sentence. As necessitated to support such request, Mr. Chardon will show why the requested relief should be granted as set forth herein below, to wit:


## I. Federal Standard for Relief under § 2255


"A prisoner in custody under sentence of a court established by act of congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws

1.

of the United States, or that the court was without juris-
diction to impose such sentence, or that the sentence was in
excess of the maximum authorized by law, or is otherwise subject
to collateral attack, may move the court which imposed the sen-
tence to vacate, set aside, or correct sentence. *Title 28 USC § 22
55.*

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Chardon contends that Mr. Cannick was ineffective at his
change of plea hearing and sentencing. Mr. Cannick failed in his duty
to advocate for Mr. Chardon, I.E, object to the government's imposition
of a stipulation that the offense involved 5 kilogram but less than
15 kilograms of cocaine in light of the fact that the government
failed to provide any factual basis for the said stipulation. In addi-
tion, Mr. Cannick failed to object to the District court's exclusive
reliance upon the said stipulation and the ascertain factors rele-
vant to the determination of sentence and advising Mr. Chardon
to accept the governments plea stipulation without being provided
with any factual basis for such plea stipulation.

A defendant in criminal proceeding has a right under the
Sixth Amendment to effective assistance from his attorney at
all critical stages in the proceedings, which include entry of a
plea of guilty, see, eg, *Hill v Lockhart*, *474 US 52, 58, 106 S.
ct 366, 88 L.Ed 2d 203* (1985); see generally *Missouri v. Frye*,
132 S ct 1399, 1405, *182 L.Ed 2d 379* (2012) and sentencing, see,
e.g., *Glover v. United States*, 531 US 198, 202-04, 121 S.ct. 696, *148
L.Ed 2d 604* (2001), *Mempa v. Rhay*, *389 US 128*, 134, 88 S.ct 254,
*19 L.Ed 2d 336* (1967). The attorney has an "overarching duty

to advocate the defendant's cause." <u>Strickland</u>, 466 U.S at 688. In order to succeed on a claim of ineffective assistance of counsel, a claimant must meet the two-pronged test established by strickland: (1) he "must show that counsel's performance was deficient," [<u>Strickland</u>] 466 US at 687, so deficient that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," <u>Id</u> at 690; and (2) he must show "that the deficient performance prejudiced the defense," <u>Id</u> at 687, in the sense that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," <u>Id</u> at 694. <u>Bennett v. United States</u>, 633 F.3d 71, 84 (2d cir. 2011) "[B]oth the performance and prejudice components of the ineffective-ness inquiry are mixed questions of law and fact, ... and we review a district court's conclusions on those issues <u>de novo</u>" . <u>Id</u> at 85 (quoting <u>strickland</u>, 466 us at 698). "The IAC claim must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." <u>Bennett v. United States</u>, 663 F.3d at 85; See, e.g. strickland, 466 us at 687, 697. See <u>Gon-zalez v. United States</u>, 722 F.3d 118, 130 (2d cir. 2013)

. The Appellant Court Noted that "Perez-olivo did little more than simply attend Gonzalez's sentencing hearing. But the fact [t]hat a person who happens to be a lawyer is present at [a hearing] alongside the accused... is not enough to satisfy the constitutional command. The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to provide just results ... we conclude that Gonzalez is entitled to be re-sentenced." Id. at 136 (omissions added).

In Mr. Chardon's case sub judice, Mr. Cannick was ineffective for the following reasons: (1) his performance was deficient in light of the fact that counsel failed to object to the government's plea agreement stipulation, namely, the offense involved 5 kilograms but less than 15 kilograms of cocaine, whereas, the government failed to meet its obligation to " set forth the relevant facts and circumstances of the actual offense conduct and offender characteristics." See U.S.S.G § 6B1.4(a)(1). Moreover, at Mr. Chardon's change of plea hearing, Mr. Cannick failed to object to the District Court's exclusive reliance on the governments plea stipulation, without a factual basis in support of 5 kilograms but less than 15 kilograms of cocaine. Thus, Mr. Cannick failed to act as Mr. Chardon's legal advocate in this case, which is egregious to advise Mr. Chardon to enter into the guilty plea stipulation without the necessary factual basis for the said plea stipulation. In addition, Mr. Cannick was ineffective for (2) his deficient performance prejudice the defense, because " there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different", moreover, absent of the governments unfounded stipulation that the offense involved 5 kilograms but less than 15 kilograms of cocaine and/or the District courts exclusive reliance on the said stipulation, Mr. Chardon would have received a guideline sentence of 78-97 months rather than a guidline sentence of 151-188 months.

In sum, as in the case of Gonzalez, Mr. Chardon's attorney did little more than simply attend his sentencing hearing. Hence, this court should conclude that Mr. Chardon is entitled to be resentenced.

# III. COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE DISTRICT COURT'S ERROR IN CALCULATING THE DRUG QUANTITY TO WHICH MR. CHARDON WAS ACCOUNTABLE

Mr. Chardon asserts that Count Eight of his indictment charged him in or about 2011 and in or about 2018, conspiring to distribute and to possess with intent to distribute 500 grams and more of mixture and substances containing a detectable amount of cocaine, and mixtures and substances containing a detectable amount of marijuana, in violation of Title 21 U.S.C § 841 (b)(1)(B), § 841 (b)(1)(D), and § 846. Furthermore, Mr. Chardon's Attorney Mr. Deveraux Cannick, Esq. "(hereinafter "Mr. Cannick")", allowed the government to insert a plea agreement stipulation that the offense as charged involved at least 5 kilograms but less than 15 kilograms of cocaine, inter alia, without providing any factual basis for the said stipulation, then allowing Mr. Chardon through his advisement to enter into a plea of guilt to the wholly unsubstantive stipulation of 5 to 15 kilograms of cocaine and then ultimately allowing the District court to erroneously calculate that said drug quantity to Mr. Chardon to which he is not accountable. As a result, Mr. Chardon's sentencing guideline range was increased from 78-97 months to 151-188 months.

Sanchez challenged the procedural reasonableness of his sentence on the ground that the district court erred in calculating the drug quantity to which he was accountable, inter alia. The district court found that Sanchez was accountable for more than 150 kilograms of cocaine. This amount had exceeded the 50-to-150 kilograms amount stipulated to by the parties prior to sentencing.

The court in Sanchez noted that "... a drug quantity determination is a factual finding... ("[A] district court's drug quantity finding ... will not be disturbed unless it is clearly erroneous.") ... ("when addressing a claim that there was insufficient evidence to support a district court's drug quantity finding, we are mindful that the district court has broad discretion to consider all relevant information and the quantity determination will not be disturbed unless it is clearly erroneous.") ... In addition, it is well-established that a district court is not bound by the parties' stipulations as to the facts relevant to sentencing. See U.S.S.G § 6B1.4 ... ("[T]he court cannot rely exclusively upon stipulations in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information."); ... Here, although the district court acknowledged that the parties had stipulated to a particular drug quantity, it found, appropriately, the record evidence–based on uncontested witness testimony showed that Sanchez was accountable for a higher amount..." See United States v. Sanchez , 455 Fed. Appx. 27, 30–31 (2d Cir. 2012) (omissions added).

     In Mr. Chardon's case sub judice, he too challenges the procedural reasonableness of his sentence through ineffective assistance of counsel. Contrary to the finding by the district court in Sanchez, that he was, indeed, accountable for more than 150 kilograms of cocaine, which was an amount that exceeded the "50-to-150" kilograms amount stipulated to by the parties prior to sentencing, the District Court in Mr. Chardon's case failed to find by any relevant evidence that Mr. Chardon was accountable for the stipulated drug amount of at least 5 kilograms but less than 15 kilograms of cocaine by the parties involved in this case at bar.

First, Mr. Cannick allowed the government to insert in the plea agreement a stipulation that the offense involved at least 5 kilograms but less than 15 kilograms of cocaine without objection or challenge to the government's lack of disclosure of certain information or relevant facts supporting the stipulation. See "By Email" Plea agreement addressed to Mr. Cannick, pg. 2, paragraph 2, Section A. 3." The Sentencing Guidelines specify the requirements for factual stipulations in plea agreements. According to the Guidelines, stipulations "Shall," inter alia, "set forth the relevant facts and circumstances of the actual offense conduct and offender characteristic" and "not contain misleading facts." USSG § 6B1.4 (a) (Policy statement) (2000)..." See <u>United States v. Granik</u>, 386 F3d 404, <u>411-12</u> ( 2d cir. 2004)

Second, Mr. Cannick without any objection or challenge to the District Court's factual finding as to the stipulation, allowed the District Court to rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence as follows:

The Court: Would you turn to page 2 of the agreement, please. Do you understand that on page 2, the agreement in a Stipulation that you agree that the offense to which you're pleading guilty involved at least 5 kilograms, but fewer than 15 kilograms of Cocaine?

The Defendant: Yes, Ma'am

See Change of Plea Hearing, pg. 26, lines 8-14

The District Court after acknowledging the stipulation never found the relevant facts to support the parties stipulation. Therefore, Mr. Cannick was ineffective for allowing the District court to "rely exclusively" on the stipulation in ascertaining the factors relevant to the determination of Mr. Chardon's sentence.

Third, had Mr. Cannick would have done his investigative due diligence as Mr. Chardon's Attorney, Mr. Cannick could have objected to the District courts' factual finding as to the stipulation by setting fourth relevant Information that Mr. Chardon Could not have possibly been responsible for the amount of 5-to-15 kilograms of Cocaine because (1) Mr. Chardon was Incarcerated from September 6, 2009 - May 30, 2014 (Appx. 5 yrs) on unrelated charges However, the said conspiracy span from 2011 - 2018, I.E, 7 yrs In total. MORE Importantly, Mr. Chardon was incarcerated for appx. 4 yrs of the said conspiracy which MINIMIZE his role / participation In the said conspiracy. (2). The Government's indictment as to Mr. Chardon Involved a total of 500 grams of Cocaine responsive to [his] overt act(s), moreso, the grand jury only attributed 500 grams to Mr. Chardon From whence he entered a guilty plea. (3) The Government's Indictment as to Co-Defendant Yasmil Fertides attributed 1 kilogram of heroin and 5 kilograms and more of cocaine responsive to his overt acts. As A result, Fertides faced a mandatory minimum of 120 months For the 5-TO-15 kilograms of Cocaine. On or about 10/16/21, Fertides received a mandatory minimum of 60 months for a FIREARM and an additional 24 month sentence for his respective drug offense. Moreover, the governments' factual basis did not establish that Fertides was responsible for 5-TO-15 kilograms of cocaine as reflected in Fertides' sentencing guidelines. (4) More importantly, the government could not hold Fertides responsible for 5-TO-15 kilograms of cocaine whereas, the government can not hold Mr. Chardon responsible for the same amount that does not exist in fact, only theory. In fact, If the court combine all of the DRugs involved in the conspiracy, the total amount will NOT equal 5-TO 15 kilo-

8

grams of cocaine.

## Conclusion

For all the reasons stated herein, Mr. Chardon's sentence should be vacated and [he] should be resentenced without the stipulated drug amount of 5 kilograms but less than 15 kilograms of cocaine, because there is no factual basis to support the stipulated drug amount

Respectfully submitted,

10-20-21
_____
DATED

_____
PRO SE Litigant

9

## AFFIDAVIT OF MILTON CHARDON

I, Milton Chardon, pursuant to 28 U.S.C § 1746, declare as follows:

1. Mr. Cannick, Defense Attorney, represented me at my change of plea hearing and sentencing pursuant to U.S v. Chardon, 18 cr. 319 (LTS).

2. Mr. Cannick, Attorney, did not advocate or object to the government's plea agreement stipulation that the offense involved 5 kilograms but less than 15 kilograms of cocaine, on the grounds that the government's plea agreement failed to put forth a factual basis for the said stipulation.

3. Mr. Cannick, Attorney, advised me to plead guilty to the stipulated drug amount of 5 kilograms but less than 15 kilograms of cocaine when it was apparent from the plea agreement that no factual basis for the said stipulation existed from the record in this case.

4. Mr. Cannick, Attorney, did not advocate or object to the District Court's exclusive reliance on the government's plea stipulation that the offense involved 5 kilograms but less than 15 kilograms of cocaine which resulted in me receiving a higher guideline sentence.

5. I would not have entered into a guilty plea pursuant to the stipulated drug amount of 5 kilograms but less than 15 kilograms of cocaine had it not been for the advice of Mr. Cannick, Attorney.

6. I was incarcerated from September 6, 2009, through May 30, 2014, approximately five (5) years on unrelated charges during which time the conspiracy span from 2011 through 2018 or seven (7) years total. Therefore, it's impossible for me to be responsible for the stipulated drug amount.

7. Mr. Cannick, Attorney, failed to investigate my prior incarceration (during the conspiracy). Therefore, he failed to advocate my true culpability in the conspiracy.

8. I declare under the penalty of perjury that the above is true and correct to the best of my Knowledge.

Milton Chardon
Reg No. 86113-054

# CERTIFICATE OF SERVICE

I, _MILTON Chardon_____, hereby certify that I have served a true
and correct copy of the foregoing: Complete copy of this 28 U.S.C § 2255
and all attachments to parties addressed shown below:

Which is deemed filed at the time it was delivered to prison authorities for forwarding to
the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to
litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage
prepaid envelope addressed to:   Jamie Bagliebter
                                 US ATTorNeys OFFice
                                      (SDNY)
                                 1 SaiNT ANDReWS PLaZA
                                 New YoRK, NY 10007

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this _20_ day of _OcTubeR_, 2021

                                        Respectfully Submitted,

                                        MiLTon Chardon

                                        REG. NO. _86113-054_

                                        FCI BeRLiN
                                        P.O Box 9000
                                        BeRLiN, N. H. 03570



CERTIFIED MAIL

7018 1130 0001 2556 4970

U.S. POSTAGE PAID
FCM LG ENV
BERLIN, NH
OCT 27 '21
03570
R2308K13888-03
$0.00

1000   10007

MILTON Chardon #86113-054
Federal Correctional Institution (Berlin)
Post Office Box 9000
Berlin, NH 03570

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT

40 FOLEY SQUARE

NEW YORK, NEW YORK  10007

Chambers of Honorable Judge Laura Taylor Swain

RECEIVED
SDNY PRO SE OFFICE
2021 NOV -4  AM 10:08

LEGAL MAIL