UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MILTON CHARDON,

    Petitioner,

  -v-                                       No. 21-CV-09129-LTS
                                                No. 18-CR-319-LTS

UNITED STATES OF AMERICA,

    Respondent.

-------------------------------------------------------x

## MEMORANDUM ORDER

        Petitioner Milton Chardon ("Petitioner") was convicted on October 23, 2020, upon a guilty plea, of participating in a conspiracy between 2011 and 2018 to distribute and possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. section 841(b)(1)(B), and mixtures and substances containing a detectable amount of marijuana, in violation of 21 U.S.C. section 841(b)(1)(D), and was sentenced, on December 18, 2020, principally to a custodial term of 120 months of imprisonment. (Docket entry no. 347.[1]) Mr. Chardon now moves pro se, pursuant to 28 U.S.C. section 2255, to vacate, set aside, or correct his sentence, on the grounds that he was deprived of effective assistance of counsel when his counsel advised him to accept the Government's proposed plea agreement, failed to object to the plea agreement's stipulation as to the amount of cocaine involved in the offense, and then failed to object to the Court's reliance on that stipulation. Mr. Chardon asserts that there was no factual basis for the stipulated drug quantity. (See docket entry no. 425 ("Petition").) The Court has

---

[1]    Unless otherwise noted, all docket citations are to the criminal docket, No. 18-CR-319.

reviewed thoroughly the parties' submissions in connection with the Petition. For the following reasons, Mr. Chardon's motion is denied.

### BACKGROUND

The following factual summary is drawn from the record of the prosecution and sentencing in the above-captioned criminal case, and from the parties' submissions in connection with this motion practice.

According to the factual recitations in the presentence report (docket entry no. 328 ("PSR")), which the Court adopted in connection with Mr. Chardon's sentencing without objection from the defense, Mr. Chardon was a founder and leader of the "200 Enterprise," a street gang whose members and associates engaged in narcotics trafficking, robbery, and murder. They operated in a neighborhood historically known as Inwood but that is often referred to as "Dyckman," in New York, New York. (PSR ¶¶ 33-58.) In his 200 Enterprise capacity, Mr. Chardon reportedly personally participated in an attempted murder, multiple shootings, multiple robberies, and multiple commercial burglaries between approximately 2014 and 2018. (Id. ¶¶ 51-57.)

Mr. Chardon was also responsible for the distribution of significant quantities of cocaine. For example, in connection with one 2017 incident alone, he participated in a robbery of a wholesale drug supplier in Manhattan, expecting to receive one kilogram of cocaine, although he ultimate received only approximately 400 grams of cocaine. (PSR ¶ 55.) Mr. Chardon and his co-conspirators obtained significant quantities of cocaine through both "robberies of wholesale drug dealers where they anticipated getting kilogram weights of

cocaine" and "breaking," a practice in which Mr. Chardon and his co-conspirators would use fake money to purchase real drugs, including cocaine. (Id. ¶ 57.)

On September 12, 2018, Mr. Chardon was arrested in this District and charged in five counts of a fourteen-count Superseding Indictment (docket entry no. 24).  Count Eight charged Mr. Chardon with conspiring to distribute and possess with the intent to distribute 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. section 841(b)(1)(B), and a detectable amount of marijuana, in violation of 21 U.S.C. section 841(b)(1)(D).  On October 23, 2020, Mr. Chardon entered a plea of guilty to Count Eight.  His plea agreement included a stipulation that the offense to which he was pleading guilty involved at least 5 kilograms, but fewer than 15 kilograms, of cocaine.  (Docket entry no. 451-2 ("Plea Ag.").)

During his plea hearing, the Court asked Mr. Chardon: "Do you understand that on page 2, the agreement includes a stipulation that you agree that the offense to which you're pleading guilty involved at least 5 kilograms, but fewer than 15 kilograms of cocaine?"  (Docket entry no. 451-3 ("Plea Tr.") at 26:10-13.)  Mr. Chardon confirmed that he did.  (Id. at 26:14.)  The Court then asked Mr. Chardon: "Do you understand that the type and amount of drug involved in your crime affects sentencing calculations under the guidelines?"  (Id. at 26:15-17.)  Mr. Chardon again confirmed that he did, and also confirmed that he wished to plead guilty pursuant to the plea agreement.  (Id. at 26:18, 31:6-8.)  Additionally, Mr. Chardon stated in his oral factual allocution that "I conspired from in or about 2011 to in or about 2018 to possess with intent to distribute 500 [ ]grams and more of mixtures and substances containing a detectable amount of cocaine."  (Id. at 31:19-22.)

On December 18, 2020, the Court held Mr. Chardon's sentencing hearing. At the hearing, both Mr. Chardon and his counsel confirmed they had reviewed and discussed the Presentence Report, which relies on the stipulated amount of cocaine involved in the offense. (Docket entry no. 451-1 ("Sentc. Tr.") at 8:20-9:2.) Mr. Chardon's counsel confirmed that the defense had no objections or other issues with respect to the content of the report. (Id. at 9:3-9:6) Defense counsel's sentencing argument focused onMr. Chardon's post-incarceration rehabilitation efforts and his recognition of the consequences of his actions (id. at 10:1-18:3), and counsel sought a downward variance from the stipulated advisory guidelines range for a custodial sentence of 151 to 188 months.

The Court considered the parties' submissions and statements at sentencing, weighed the relevant section 3553(a) factors—including the mitigating factors highlighted by Mr. Chardon's counsel, such as Mr. Chardon's youth at the time of his criminal conduct, his supportive family network, and his efforts at rehabilitation—and sentenced Mr. Chardon to a below-guidelines sentence of 120 months of imprisonment, to be followed by a five-year term of supervised release. (Sentc. Tr. at 25:12-33:9)

In the motion now before the Court, Mr. Chardon seeks to vacate, set aside, or correct his sentence, asserting that there was no factual basis for the stipulated drug quantity and arguing that he was deprived of the effective assistance of counsel when his counsel advised him to accept the Government's proposed plea agreement, failed to object to the plea agreement's stipulation as to the amount of cocaine involved in the offense, and then failed to object to the Court's reliance on that stipulation. He also argues that his attorney's purported failures in this regard significantly prejudiced Mr. Chardon because Mr. Chardon would otherwise have pleaded

guilty to the minimum amount of drugs required to sustain the charge and the advisory guideline range would, commensurately, have been significantly lower.

## DISCUSSION

A petitioner may prevail on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 if he can show that his sentence (i) was imposed in violation of the Constitution or the laws of the United States; (ii) was entered by a court without jurisdiction to impose the sentence; (iii) exceeded the maximum detention authorized by law; or (iv) is otherwise subject to collateral attack. The grounds for relief under section 2255 are limited, out of "respect for the finality of criminal sentences, the efficient allocation of judicial resources, and an aversion to retrying issues years after the underlying events took place." U.S. v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (citation omitted). Mr. Chardon must show by a preponderance of the evidence that he is entitled to relief. Vargas v. United States, 951 F. Supp. 2d 531, 549 (S.D.N.Y. 2013).

To prevail on an ineffective assistance of counsel claim brought pursuant to section 2255, Mr. Chardon must show that (i) counsel's performance was deficient under an objective standard of reasonableness, and (ii) Petitioner was prejudiced as a result of counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 688-94 (1984). In determining whether counsel's performance was deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the challenger's burden is to show that the errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-89. To satisfy the second prong of the Strickland test, Mr. Chardon must demonstrate "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." U.S. v. Brown, 623 F.3d 104, 112 (2d Cir. 2010) (quoting Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003)).  Courts require "some objective evidence other than defendant's assertions to establish prejudice" under Strickland's second prong.  Pham, 317 F.3d at 182.

Where, as here, a petitioner asserts ineffective assistance of counsel, the court must "determine[ ] whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a prima facie case for relief," in which case a hearing should generally be held if material facts are in dispute.  Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).  However, "a district court need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding," and need not conduct a hearing where a Petitioner has not established that he has a "plausible" claim of ineffective assistance of counsel.  Id. at 213-14.  In this case, the Court determines, for the reasons that follow, that no hearing is necessary in order to resolve Mr. Chardon's motion.

Ineffective Assistance

Mr. Chardon first claims that he was denied effective assistance of counsel when his attorney failed to "object to the government's imposition of a stipulation that the offense involved 5 kilograms but less than 15 kilograms of cocaine" because "the government failed to provide any factual basis for the [plea] stipulation." (Petition at ECF page 14.)  However, courts have routinely held that defense counsel is not ineffective for relying on a stipulation in a plea agreement where the defendant signs the agreement and confirms his understanding of the stipulation on the record.  See, e.g., Gomez v. United States, No. 15-CR-348-PGG, 2019 WL

7067121, at *9 (S.D.N.Y. Dec. 20, 2019) ("[C]ourts have rejected ineffective assistance claims premised on an attorney's failure to object to sentencing enhancements where those enhancements were the subject of stipulations in a plea agreement"); Cavounis v. United States, No. 11-CR-297-VEC, 2016 WL 715768, at *4 (S.D.N.Y. Feb. 19, 2016) ("Because Petitioner knowingly and voluntarily stipulated to the loss amount by signing the Plea Agreement, counsel had no reason to press for further negotiation with the Government."); Harris v. United States, No. 00-CR-105-RPP, 2005 WL 1925435, at *4 (S.D.N.Y. Aug. 10, 2005) ("Harris affirmed on the record at the plea hearing that more than 1.5 kilograms was indeed the amount of crack cocaine involved in the conspiracy. . . . Nothing in the record supports Harris's claim that . . . Harris disagreed with the stipulated drug amount, or that he did not understand the implications of the stipulation.  Harris has provided no evidence that supports his allegations and overcomes his sworn statements at the plea allocution.  Counsel's performance more than met the 'objective standard of reasonableness' under Strickland[.]").  See also United States v. Granik, 386 F.3d 404, 413 (2d Cir. 2004) ("[A] factual stipulation in a plea agreement is a valid basis for a factual finding relevant to sentencing only when the 'record clearly demonstrates that the stipulation was knowing (in the sense that the record clearly demonstrates that the defendant fully understood the potential consequences of his [stipulation]) and voluntary.' [ ] This test will ordinarily be satisfied where: (i) the plea agreement makes a stipulation clearly and explicitly and (ii) the defendant signs the agreement and allocutes to understanding the consequent loss of the right to put the government to its proof.  It will ordinarily not be necessary for the court taking the plea to question a defendant specifically about each factual stipulation, as it must do, for example, with appellate waivers." (citing Fed. R. Crim. P. 11(b)(1))).

Here, the Court asked Mr. Chardon: "Are you pleading guilty voluntarily and of your own free will?", to which he answered yes. (Plea Tr. at 33:25-34:2.) Additionally, the Court confirmed that Mr. Chardon understood what he was pleading guilty to and the consequences of doing so. The Court asked: "Do you understand that on page 2, the agreement includes a stipulation that you agree that the offense to which you're pleading guilty involved at least 5 kilograms, but fewer than 15 kilograms of cocaine?" and Mr. Chardon confirmed that he did. (Id. at 26:10-14.) Thus, the stipulation was knowing and voluntary. Mr. Chardon signed the agreement on October 20, 2020, after discussing it with his counsel, and confirmed on the record that he understood it. The plea agreement and Mr. Chardon's statements as to the drug type and amount therefore serve as an adequate factual basis on which Mr. Chardon's counsel and the Court properly relied. See Granik, 386 F.3d at 414 (finding no error, "much less plain error," where "the district court could have properly found loss amount based solely on the stipulation, as long as before making its finding it considered any other relevant information presented to it, including the PSR"). Thus, the Court finds no basis for concluding that counsel was objectively unreasonable for failing to object to the stipulated drug amount.

Moreover, Mr. Chardon received significant benefit from the stipulation. Altogether, the mandatory minimum sentence for the various offenses with which Mr. Chardon was originally charged would have been fifteen years of imprisonment, and Mr. Chardon's plea agreement reduced his statutory mandatory minimum sentence to only five years. (See docket entry no. 451 ("Opp.") at 13-14.) When stipulations as to drug amount are terms of a plea agreement from which the defendant receives significant benefit, that fact weighs against any finding of ineffective assistance of counsel. See Azcona v. United States, 96-CR-1145-HB, 2002 WL 1997900, at *3 (S.D.N.Y. Aug. 29, 2002) ("Azcona's stipulation to the amount of heroin and

his role in the offense were terms of the plea agreement from which he received significant benefit."). Mr. Chardon's benefit from the plea agreement -- a lower mandatory minimum sentence -- weighs further against his claims of ineffective assistance of counsel.

Prejudice

Because Mr. Chardon's counsel's performance did not fall below an objectively reasonable standard of performance under Strickland's first prong, the Court need not address the second prong under Strickland. However, Mr. Chardon has also failed to proffer a plausible claim of prejudice under Strickland's second prong, as explained below.

Mr. Chardon asserts that he suffered prejudice when he was deprived of effective assistance of counsel because, without the plea stipulation that his offense involved more than 5 kilograms but less than 15 kilograms of cocaine, he would have only been responsible for 500 grams of cocaine (the threshold statutory amount under 21 U.S.C. section 841(b)(1)(B)(ii)), yielding a sentencing guidelines range of 78 to 97 months of imprisonment, instead of the 151-to-188 month range set forth in the plea agreement and presentence report. (Docket entry no. 485 ("Resp.") at 9.) However, Mr. Chardon neither asserts that the Government would have offered a comparable plea agreement absent that stipulation as to drug quality, nor that Mr. Chardon would not have pled guilty and would have gone to trial if not for his counsel's agreement and failure to object to the stipulated drug amount. Cf. Hill v. Lockhart, 474 U.S. 52, 57 (1985) (in the context of a guilty plea, a petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (citation omitted)). Furthermore, Mr. Chardon introduces no objective evidence and makes no factual proffer in support of a claim that, if not for the stipulation, he would or should have been held responsible for a smaller drug quantity. He

argues that he was incarcerated for five of the seven years of the conspiracy but, particularly in light of his leadership role within the 200 Enterprise, those periods in custody do not preclude his being held responsible for the reasonably foreseeable drug distribution activity of his co-conspirators during such periods.  (See Opp. at 14 n.5 and authorities cited therein.)  Additionally, he argues that the total amount of cocaine involved in the conspiracy did not amount to 5 to 15 kilograms, but he presents no evidence to support this claim, and the presentence report reflects the group's involvement with significant quantities of that drug.  (PSR ¶¶ 55, 57.)  Finally, Mr. Chardon points to the fact that, in the case of one of his co-defendants, the Government did not establish that there were 5 to 15 kilograms of cocaine involved (Petition at ECF page 20).  The co-defendant Mr. Chardon cites pleaded guilty to a Hobbs Act robbery charge and a firearms charge, and drug quantity therefore was not a determinative factor in his sentencing.  (See docket entry no. 422.)

In light of this record and the Court's familiarity with these proceedings, Mr. Chardon's conclusory claim that he would have received a shorter sentence if not for the plea stipulation as to drug amount is insufficient to establish a plausible claim that Mr. Chardon was prejudiced by his attorney's lack of objection to that stipulation.  Mr. Chardon's motion to vacate must therefore be denied for this reason as well.

## CONCLUSION

For the reasons stated above, Mr. Chardon's motion pursuant to 28 U.S.C. section 2255 is denied in its entirety.

Mr. Chardon may not appeal this Order unless "a circuit justice or judge issues a certificate of appealability."  28 U.S.C.A. § 2253(c)(1) (Westlaw through P.L. 117-102).  A

certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.A. § 2253(c)(2); see generally U.S. v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability).  The Court finds that Mr. Chardon will not be able to sustain this burden and, therefore, declines to issue a certificate of appealability.

This Memorandum Order resolves docket entry no. 425 in case no. 18-CR-319.  The Clerk of Court is respectfully directed to close case no. 21-CV-09129.

The Court will mail a copy of this Memorandum Order to Petitioner.

SO ORDERED.

Dated: New York, New York
July 26, 2022

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copy mailed to:**

Milton Chardon
Reg. No. 86113-054
FCI Berlin
Federal Correctional Institution
P.O. Box 9000
Berlin, NH 03570